UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RON KLOSOWSKI,

                Plaintiff,                Case No. 15-10636

v                                              Honorable Thomas L. Ludington

BAY CITY, CITY OF, et al.,

                Defendants.

_____/

**ORDER DENYING MOTION TO STRIKE, GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION/JUDGMENT ON THE PLEADINGS/LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT BAY CITY LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT, AND ADJOURNING SCHEDULING ORDER DATES**

Plaintiff Ron Klosowski initiated the above-captioned matter on July 29, 2013 in Bay County Circuit Court. ECF No. 1. After Klosowski filed an amended complaint on January 26, 2015, Defendants Joe Ledesma and City of Bay City removed the action to this Court on February 19, 2015. Plaintiff, an employee of Select Staffing employment agency, alleges that Defendants wrongfully terminated him from his position as a bridge tender for Defendant Bay City. Klosowski alleged four counts against Defendants: (1) Tortious interference with a business relationship; (2) Tortious interference with a contractual relationship; (3) Violations of Michigan public policy and the Michigan Constitution's guarantee of freedom of speech; (4) Violation of free speech under the First Amendment and 42 U.S.C. § 1983.

On November 24, 2015 Defendants filed a motion for summary judgment directed at all of Klosowski's claims. ECF No. 10. On February 17, 2016 that motion was granted in part and denied in part. ECF No. 22. Summary judgment in favor of Defendants was granted as to Klosowski's tort claims and his claim of a Michigan public policy violation based on the

Michigan Constitution's guarantee of freedom of speech. Summary Judgment was also granted in favor of Defendant Ledesma on Klosowki's § 1983 claim on the grounds of qualified immunity. Summary judgment was denied to Defendant Bay City on Klosowksi's § 1983 claim.

On March 1, 2016, Defendant Bay City filed a motion "judgment on the pleadings, and/or for reconsideration/rehearing and/or leave to file second motion for summary judgment.[1] Then, on March 9, 2016 Plaintiff moved to strike Defendant's motion and to adjourn the dates to allow for facilitation "assuming Defendant is agreeable." ECF No. 27. Plaintiff's motion to strike will be denied. While Defendant Bay City's motions for judgment on the pleadings and reconsideration will be denied, its motion for leave to file a second motion for summary judgment will be granted.

**I.**

Plaintiff's motion to strike must be examined first to determine whether the merits of Defendant Bay City's motion may be considered. Plaintiff first argues that Defendant's motion should be stricken because it requests judgment on the pleadings and is untimely. Under Rule 12(c) a motion for judgment on the pleadings may be filed at any time "[a]fter the pleadings are closed – but early enough not to delay trial." Federal Rule of Civil Procedure 12(c). Trial in this matter is scheduled for April 12, 2016. Because Defendant filed its motion for judgment on the pleadings over a month before the trial date, it is not untimely. Plaintiff's motion to strike will therefore be denied.

Plaintiff's motion to strike will also be denied as to Defendant's motion for leave to file a second motion for summary judgment. Under Eastern District of Michigan Local Rule 7.1(b), a party must obtain leave of the court to file more than one motion for summary judgment.

---

[1] The practice of requesting multiple kinds of relief in a single motion and brief is disfavored, and the parties are encouraged to file separate motions and briefs addressing the merits of each motion separately.

Plaintiff does not explain how Defendant's request for leave to file a second summary judgment motion is untimely when it was filed less than 14 days after the Court's opinion and order addressing Defendants' first motion for summary judgment. Plaintiff's motion to strike Defendant's motion for leave to file a second summary judgment motion will also be denied.

## II.

### A.

Turning to Defendant Bay City's motion, its request for reconsideration/rehearing will be addressed first. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997).

Defendant Bay City argues that the Court's order granting in part and denying in part contains a palpable error because it assumed that Plaintiff pled a claim of municipal liability against Defendant Bay City. Bay City argues that, because Plaintiff's § 1983 claim against Bay City was wholly dependent on his claim against Ledesma, the § 1983 claim against Bay City should have been dismissed when the claim against Ledesma was dismissed.

Defendant Bay City's arguments are without merit. Defendant did not raise any arguments based upon *Monell v. Department of Social Services,* 436 U.S. 658, 692-95 (1978) and its progeny in its motion for summary judgment. The Court therefore did not err in failing to reach such an analysis.

### B.

Defendant's motion for judgment on the pleadings will also be denied. Motions for judgment on the pleadings are reviewed under the same standard that applies to review of motions to dismiss under Rule 12(b)(6). *See* Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 389 (6th Cir.2007). Accordingly, the Court should construe the complaint "in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir.2007). To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id*.

Count IV of Plaintiff's amended complaint, which specifically identifies Bay City as a separate Defendant, was sufficient to put Defendant Bay City on notice that Klosowski sought to impose municipal liability against the City. Furthermore, allowing Defendant to challenge the sufficiency of the allegations in Count IV at this late stage would be prejudicial to Klosowski, who could have amended his complaint had he been put on notice of any deficiencies at an earlier stage of the litigation.

Furthermore, Defendant's motion appears to assume that a municipality may only be held liable based on an express municipal policy. To the contrary, municipal liability may be based on other grounds, including the decision of a person with "final policymaking authority." *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Because the amended complaint was sufficient to alert Defendant Bay City that it needed to defend against such claims in this action, its motion for judgment on the pleadings will be denied.

## C.

Defendant also moves for leave to file a second motion for summary judgment. This case contains numerous complex issues, which led the Court to grant both parties extensions to their original dispositive motion papers. Defendant Bay City now seeks to raise an issue that is not duplicative of the issues already considered by this Court. Because there was good cause for Bay City's failure to previously raise the issue, and because it is for this Court, not a jury, to decide all questions of law, Defendant's motion for leave to file a second motion for summary judgment will be granted. The scheduling order will be adjourned accordingly.

### III.

Accordingly, it is **ORDERED** that Plaintiff's motion to strike and adjourn for facilitation, ECF No. 27, is **DENIED**.

It if further **ORDERED** that Defendant Bay City's motion for judgment on the pleadings, and/or for reconsideration/rehearing and/or leave to file second motion for summary judgment, ECF No. 26, is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Defendant Bay City is **GRANTED LEAVE** to file a second motion for summary judgment on or before **April 5, 2016**.

It is further **ORDERED** that the dates remaining in the current case management and scheduling order are **ADJOURNED.** A new scheduling order will issue.

                                                s/Thomas L. Ludington  
                                                THOMAS L. LUDINGTON  
                                                United States District Judge

Dated: March 22, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2016.

                    s/Michael A. Sian  
                    MICHAEL A. SIAN, Case Manager