UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RON KLOSOWSKI,

                Plaintiff,                              Case No. 15-cv-10636

v.                                                        Honorable Thomas L. Ludington

BAY CITY, CITY OF, et al.,

                Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION IN LIMINE (51), GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE (48) AND DENYING DEFENDANTS' MOTIONS IN LIMINE (46, 47 AND 50)

On August 1, 2013, Plaintiff Ron Klosowski filed a complaint in the Circuit Court of Bay County alleging 1) tortious interference with advantageous business relationships, 2) tortious interference with contractual relationships, and 3) violation of Michigan public policy and the Michigan Constitution's guarantee of free speech, as against Defendants Joe Ledesma and the City of Bay City. Not. Rem., Ex. A, Summons and Compl., ECF No. 1. On January 29, 2015, Plaintiff filed a First Amended Complaint adding a claim for violation of the First Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983. Not. Rem. at 2, ECF No. 1. Defendants removed the case to this Court on February 19, 2015. *Id.*

Defendants moved for Summary Judgment on April 4, 2016. Mot. Summ. J., ECF No. 30. This Court granted the Motion on June 10, 2016. Order Grant. Mot. Summ. J, ECF No. 37. Plaintiff filed a Notice of Appeal on July 7, 2016. Not. Appeal, ECF No. 39. On June 21, 2017, the Court of Appeals issued an opinion affirming this Court's order in part, and reversing in part. In light of the opinion of the Court of Appeals, a status conference was conducted on August 15, 2017 at 3:30 p.m. to discuss a schedule for further proceedings and briefing in this matter.

The Court of Appeals reversed this Court's judgment with respect to the Section 1983 claims against Defendants Ledesma and Bay City. June 21, 2017, 6th Cir. Op., at 10-11. The Court of Appeals found that the constitutional rights at issue were clearly established, precluding qualified immunity, and that Ledesma was a final policy maker in that the City delegated the authority to Ledesma to regulate the scheduling of contractors. On remand, two elements of Plaintiff's prima facie case of first amendment retaliation are open questions for jury consideration, as well as the assessment of damages if liability is determined. Plaintiff, accordingly, bears the burden of proof with respect to the following issues:

1. <u>Protected Speech</u>: Whether Plaintiff's communication to Ledesma and Mayor Shannon about closing the bridges during the month of December was a communication in his capacity as a citizen about a matter of public concern or alternatively a communication about a matter within his employment responsibilities.

2. <u>Causation</u>: Whether Plaintiff's communication to Ledesma and Mayor Shannon was a substantial or motivating factor in Ledesma's decision not to call Plaintiff back for the 2013 season.[1]

3. <u>Damages</u>: Whether Plaintiff sustained damages reasonably and consequentially as a result of the decision not to call him back for the 2013 season.

Defendant maintains the burden of proof on the following:

1. <u>Overriding government interest</u>: Whether Bay City's interest in promoting the efficiency of the public service function it performs through its employees outweighs Plaintiff's interest in raising the matter of public concern; and whether Plaintiff's speech activities unduly interfered with

---

[1] The Court of appeals decided that Plaintiff had no contractual reliance interest in continued employment by the City of Bay City in dismissing his claims for tortious interference with advantageous relationships and contractual relationships. They also decided there was no similar legal bar to his claim for first amendment retaliation. Accordingly, whether considered by the jury as a matter of causation (i.e. whether the cause of Plaintiff's termination was the City's conduct or Plaintiff's failure to return to ITH for another assignment) or a failure to mitigate (i.e. Plaintiff's failure to attempt to maintain his employment relationship with ITH) the parties may argue this issue of fact to the jury. Resolution of these issues may depend on the answers to several factual questions (e.g., Did ITH have other assignments available? Would those assignments offer comparable pay and work? Would he necessarily be entitled to one of the available assignments upon reporting back to ITH? Would ITH limit his options considering what occurred at the Bride Tender position? Would ITH terminate their relationship with Plaintiff altogether in light of what occurred at his Bridge Tender position?).

the duties and responsibilities of tending the Bascule Bridges. *See United States v. Nat'l Treasury Employees Union*, 513 U.S. 454, 466, (1995) ("the government bears the burden of justifying its adverse employment decision."); *Baar v. Jefferson Cty. Bd. of Educ.*, 476 F. App'x 621, 628 (6th Cir. 2012) ("public employers must balance their own interests with the First Amendment rights of their employees . . . the school board bears the burden of justifying broader restrictions on speech with ever-stronger state interests.")

2. <u>Legitimate, non-retaliatory reason</u>: If Plaintiff establishes his prima facie case, Defendant may establish, by a preponderance of the evidence, that the adverse action would still have been taken absent the protected conduct.

3. <u>Mitigation of damages</u>: Whether Plaintiff failed to mitigate damages following the loss of employment.

**I.**

On February 12, 2018, Defendants filed four motions *in limine*, and Plaintiff filed one. Defendants seek to: 1) exclude Plaintiff's performance evaluations; 2) strike/limit Plaintiff's claim for wage loss damages; 3) strike/limit Plaintiff's claim for emotional distress, back pay, and future wage loss damages; 4) strike Plaintiff's claim for unemployment benefits. ECF Nos. 46, 47, 50, 51. Plaintiff seeks to prohibit Defendants from: 1) introducing evidence of collateral sources of income; 2) arguing that Plaintiff's PTSD is evidence that he did not get along with co-workers; 3) raising the issue that Plaintiff's daughter received a medical malpractice award. ECF No. 48. These will be addressed in turn.

**A.**

First, Defendants seek to exclude Plaintiff's performance evaluations. Defendants note that "It is undisputed that Mr. Ledesma gave Mr. Klosowski high marks on the performance evaluations. Plaintiff intends to use these evaluations to establish that Mr. Klosowski was an excellent employee." Mot. at 9, ECF No. 46. Defendants do not dispute that Plaintiff was a "technically proficient bridge tender." *Id.* at 9. Defendants state that Plaintiff was not terminated

because of his performance, but rather was not called back to the bridge because of his "abrasive personality and disharmony he created in the workplace." *Id.* at 10, 12. Defendants further contend that "Plaintiff's job performance has no impact on Defendant's interest in regulating Plaintiff's speech . . ." *Id.* at 12. Finally, Defendants argue that the evaluations are irrelevant because Plaintiff was an at-will employee and they were under no obligation to call him back for the 2013 season regardless of his performance evaluations. *Id.* at 12–13.

Federal Rule of Evidence 401 provides that evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Federal Rule of Evidence 402 provides that irrelevant evidence is not admissible. Under Federal Rule of Evidence 403, even relevant evidence may still be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Defendants contend they have never called Plaintiff's performance into question in this case, and have no intention of doing so at trial. Reply at 2, ECF No. 62. This is inaccurate. In fact, Defendants have suggested that Plaintiff had an "abrasive personality" and caused "disharmony in the workplace," which they contend was the justification for Ledesma's decision, and not Plaintiff's communication with the mayor. Mot. at 12, ECF No. 46. Defendants have also produced an affidavit accusing Plaintiff of workplace misconduct including raising his voice at a fellow employee, engaging in a verbal altercation, acting outside the scope of his responsibilities as a bridge tender, endangering motor vehicle operators, criticizing Ledesma behind his back, and undermining Ledesma's authority. ECF No. 46-2. Thus, the reason for Ledesma's decision is at issue, and the performance evaluations are probative of that reason.

Nor can Defendants argue that the performance evaluations are only probative of Plaintiff's technical proficiency as a bridge tender. Indeed, the performance evaluations contain categories for "cooperation/teamwork," as well as "personality." *See* ECF No. 14-9. These categories are directly relevant to the accusations Defendant Ledesma made in his affidavit. These evaluations are also relevant to the issue of whether Plaintiff caused disharmony in the workplace due to his alleged pattern of antisocial conduct, or whether the "disharmony" Defendants refer to is only related to his communication with Ledesma and the Mayor.

Defendants also argue that the performance evaluations are not an accurate representation of Plaintiff's performance, as Ledesma only gave Plaintiff high marks on his performance evaluations so as not to jeopardize Plaintiff's relationship with ITH or the availability of other employment. Mot. at 10. Defendants explain that "while [Ledesma] may have issues with some employees, he tried to be more lenient on the written reviews so as not to jeopardize an employee's ability to find subsequent temporary assignments." *Id.* Perhaps this is true. Defendants will have an opportunity to introduce any evidence of performance related issues that were not memorialized in the evaluations, and explain what they think the performance evaluations reflect. The jury will determine if their explanation is believable.

Finally, Defendants argue that the performance evaluations are irrelevant because Plaintiff is an at-will employee, and Defendants had no obligation to rehire him irrespective of how he performed. The Supreme Court has long rejected Justice Holmes' famous dictum that a policeman "may have a constitutional right to talk politics, but he has no constitutional right to be a policeman." *Bd. of Cty. Comm'rs, Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 674 (1996). The modern doctrine of unconstitutional conditions holds that the government "may not deny a benefit to a person on a basis that infringes his constitutionally protected . . . freedom of

speech *even if he has no entitlement to that benefit.*" *Id.* (quoting *Perry v. Sindermann*, 408 U.S. 593, 597, (1972)). Simply put, irrespective of whether Plaintiff had any entitlement to continued employment, Plaintiff had an entitlement to *exercise his protected rights* without suffering adverse employment consequences. He had this entitlement regardless of his status as an at-will employee. Defendants had a corresponding obligation not to take adverse action against him for exercising a protected right. The jury will determine if that is what took place, and the performance evaluations are probative of the Defendants' reason for the termination. Accordingly, Defendant's motion *in limine* to exclude the performance evaluations will be denied.

**B.**

Next, Defendants seek to strike and/or limit Plaintiff's claim for wage loss damages. ECF No. 47. In support of the motion, Defendants argue as follows: 1) Plaintiff's claim is barred because he failed to mitigate damages; 2) Plaintiff's claim is barred because his PTSD renders him unemployable; and 3) any amount of damages should be set off by the amount he has received in un-employability benefits. Defendants' use of the motion *in limine* is improper. A motion *in limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States,* 469 U.S. 38, (1984)). When a motion *in limine* does not raise questions about admissibility of evidence or that evidence would be prejudicial, the motion will be denied. *See Louzon*, 718 F.3d at 561–62. Mitigation is an inherently factual issue. It is also an affirmative defense upon which Defendants bear the burden of proof. Thus, a motion *in limine* is not a proper medium to litigate damage mitigation.

Defendants also argue that Plaintiff's wage loss claim is barred by his "unemployability." Defendants explain that "Plaintiff and his doctors have confirmed that he has been unemployable since August 2012 due to his service-connected PTSD." Mot. at 17. Defendants contend that the evidence shows that Plaintiff was unable to maintain substantial gainful employment during the time he was unemployed, and was thus eligible for Individual Unemployability benefits from the Veterans Administration. *Id*. If the facts are as Defendants represent them, then Defendants are correct that, regardless of any adverse employment decision, backpay would not be recoverable for any period where Plaintiff would have been unable to perform his job as a bridge tender. *See Virostek v. Liberty Twp. Police Dep't/Trustees,* 14 F. App'x 493, 505–506 (6th Cir. 2001) (backpay not recoverable where there was no causal connection between adverse employment decision and economic damages because plaintiff would have needed to take medical leave for shoulder surgery irrespective of the adverse decision by defendant). Whether Plaintiff was in fact unemployable is a factual issue of causation to be addressed at trial and to be proved by the Defendants. It is not an issue to be resolved via a motion *in limine*.

## C.

Defendants also seek to strike and/or limit Plaintiff's claim for emotional distress, back pay, and future wage loss. ECF No. 50. First, the requested relief is largely duplicative of the previous motion, though it raises different arguments. Defendants argue: 1) Plaintiff cannot establish actual injury caused by the alleged constitutional deprivation; 2) there is insufficient evidence to support a claim for mental anguish; and 3) the facts cannot support a claim for wage loss damages. As explained above, the existence of an actual injury, and its causal connection to any constitutional violation, is a factual question for the jury. Defendants also argue that Plaintiff cannot recover wage loss damages because he had no right to continued employment. As

discussed above, Plaintiff's status as an at-will employee is not a legal bar to his first amendment retaliation claim. The potential impact of the nature of his employment with ITH on causation and damages was discussed above at footnote one.

**D.**

Finally, Defendants move to strike Plaintiff's claim for unemployment benefits, arguing that they are a collateral source and are not recoverable. ECF No. 51. As Defendants explain:

> The temporary assignment as bridge tender ran from March through December. At the end of each temporary assignment, Plaintiff applied for and received unemployment benefits as a "laid off worker." After Plaintiff's temporary assignment was permanently terminated, Plaintiff again applied for and received unemployment benefits. However, this time the unemployment benefit extended from December, 2012 to June 2013.

Defendants argue that the termination of Plaintiff's assignment did not preclude him from seeking other employment, and thus they are not responsible if he was subsequently unable to receive three months of unemployment each year. Defendant is correct that unemployment compensation is generally to be disregarded in damage calculation, as it is derived from a collateral source. *See Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1170 (6th Cir.), *opinion amended on denial of reh'g,* 97 F.3d 833 (6th Cir. 1996) ("Unemployment compensation is paid not to discharge an obligation of the employer but to carry out social policies of the state. Thus, unemployment benefits are collateral benefits which the district court should disregard in making its award."); *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 628 (6th Cir. 1983).

Indeed, Plaintiff cites to the same authority in his own motion contending that unemployment benefits should not be *deducted* from backpay. Mot. at 2, ECF No. 48. Defendants cite these cases for the proposition that unemployment benefits should not be *added* to backpay as a form of compensation. These cases directly support the former proposition, but

also indirectly support the latter, inasmuch as they provided that unemployment compensation ought to be "disregarded" altogether when calculating damages. Thus, as both parties acknowledge, unemployment compensation generally cannot be considered in calculating damages at all, whether adding to backpay (by the jury) or deducting from backpay (by the Court). Accordingly, evidence relating to unemployment compensation will be excluded.

**E.**

Plaintiff seeks to prohibit Defendants from: 1) introducing evidence generally of collateral sources of income; 2) arguing that Plaintiff's PTSD is evidence that he did not get along with co-workers; 3) raising the issue that Plaintiff's daughter received a medical malpractice award. ECF No. 48. The parties agree that any evidence relating to Plaintiff's daughter's medical malpractice award should be excluded.

Plaintiff's argument with respect to unemployment compensation benefits was addressed above at subsection D. This is the only "collateral source" Plaintiff discusses in any detail, despite referring to various pension benefits and social security in his heading and his statement of requested relief. Accordingly, these will not be addressed.

Plaintiff also requests that Defendants be "estopped from arguing that the Plaintiff's receipt of VA benefits for post-traumatic stress disorder prohibited the Plaintiff from working and/or is evidence that he did not get along with co-workers." *Id.* at 4. Plaintiff's precise argument is difficult to ascertain. Construing Plaintiff's motion as requesting that Defendants be precluded from introducing evidence of *the fact of his PTSD diagnosis for the purpose of establishing a propensity for antisocial or disruptive behavior*, the Court will grant the motion and Defendant will be precluded from introducing that evidence for that purpose, as it is prohibited by Federal Rule of Evidence 404. *See*, *Chien van Bui v. City and County of San*

*Francisco*, 2018 WL 1057787, at *3 (N.D. Cal. Feb. 27, 2018) (precluding Defendants from introducing evidence of "past acts or mental illness to prove that [Plaintiff] acted in conformance with them on a particular occasion."); *Cain v. Esthetique*, 182 F. Supp. 3d 54, 70 (S.D.N.Y. 2016) ("if a personality disorder is associated with manipulative or paranoid behavior, a defendant may hope to use evidence that the plaintiff had such a disorder at the time of the incident in question to suggest that the person was engaging in manipulative and paranoid behavior on that particular occasion. If a court is to admit evidence of the disorder, however, it must be for some ostensibly permissible purpose, rather than for this overt purpose of suggesting that a fact finder infer a particular propensity") (quoting The Disordered and Discredited Plaintiff: Psychiatric Evidence in Civil Litigation, 31 CARDOZO L. REV. 749, 802 (2010)).

It also appears that Plaintiff seeks to preclude Defendants from pursuing their theory regarding the impact of an unemployability determination on damage calculation. Plaintiff has offered no legal authority for the proposition that this evidence should not be evaluated by the jury.

## II.

Accordingly, it is **ORDERED** that Defendants' motions *in limine*, ECF Nos. 46, 47, and 50, are **DENIED**.

It is further **ORDERED** that Defendant's motion *in limine* to exclude evidence of unemployment benefits, ECF No. 51, is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion *in limine*, ECF No. 48, is **GRANTED in part**, and Defendants are precluded from 1) introducing evidence of the fact of Plaintiff's PTSD diagnosis for the purpose of establishing a propensity for anti-social or disruptive behavior; and

…

2) introducing evidence relating to Plaintiff's daughter's medical malpractice litigation or award, and 3) introducing evidence of unemployment benefits.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 13, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 13, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager